UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| JUNE CAMPBELL ISON and PAUL MICHAEL ISON, Co-Executors of the Estate of Roy Campbell, <br><br> Plaintiffs, <br><br> V. <br><br> WAL-MART STORES EAST, LP, <br><br> Defendant. | Civil No. 10-57-GFVT <br><br><br> **MEMORANDUM OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Motion for Summary Judgment [R. 21] filed by Defendant Wal-Mart Stores East, LP. The matter has been fully briefed and is now ripe for the Court's review. For the reasons set forth below, the Court grants summary judgment in favor of Wal-Mart.

**I.**

This action was removed to federal court from Clay Circuit Court on February 25, 2010 [R. 1]. The Complaint states that original Plaintiff Roy Campbell[1] owned a tract of land in Clay County, Kentucky, at the intersection of the Hal Rogers Parkway and Kentucky Highway No. 80. [R. 1, Attach. 1 at ¶ 1.] The Complaint alleges that by Option Agreement dated March 15, 2005, and First Amendment to Option Agreement dated February 7, 2007, Campbell granted an

---

[1] Roy Campbell passed away during the pendency of this action. The co-executors of his estate were then substituted as Plaintiffs. [R. 23.]

1

exclusive option to purchase the property to Wal-Mart's agent. [*Id.* at ¶ 2.] According to the Complaint, Wal-Mart then conducted a geotechnical exploration of the property and prepared plans for constructing a Wal-Mart Supercenter on the property. [*Id.* at ¶¶ 3-4.] The Complaint alleges that Wal-Mart agreed to purchase the property for $5.5 million, with the understanding that Campbell would perform the excavation and grade work and soil compaction in accordance with Wal-Marts plans and specifications. [*Id.* at ¶ 5.] The option was exercised by letter dated May 2, 2007. [*See id.*; R. 21, Attach. 3.]

The Complaint alleges that Campbell performed the site preparation work under the direction of Wal-Mart's agents, servants, and employees, and that he complied fully with all alterations Wal-Mart made to the site plan to his increasing cost. [R. 1, Attach. 1 at ¶ 6.] Additionally, the Complaint alleges that Campbell obtained from his oil and gas lessee, Kinzer Business Realty, LTD, a prepared, but unsigned, written agreement subordinating its surface rights to Wal-Mart in anticipation of Wal-Mart's purchase of the property. [*Id.* at ¶ 9.] According to the Complaint, although a closing date was scheduled, Wal-Mart declined to consummate the purchase in breach of its agreement with Campbell. [*Id.* at ¶ 10.] Thus, in Count I of the Complaint, the Plaintiffs seek specific performance of the agreement. [*Id.* at ¶¶ 11-13.] Alternatively, in Count II they seek monetary damages for the expenses incurred in performing the excavation work and other costly site preparations in reliance on Wal-Mart's representations. [*Id.* at ¶¶ 14-19.] Finally, in Count III the Plaintiffs state that they are owed the reasonable value of goods furnished and services provided to Wal-Mart. [*Id.* at ¶¶ 20-21.]

## II.

### A.

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." "A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows 'that a reasonable jury could return a verdict for the nonmoving party.'" *Olinger v. Corporation of the President of the Church*, 521 F. Supp. 2d 577, 582 (E.D.Ky. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Stated otherwise, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. In reviewing a motion for summary judgment, the court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Browning v. Dept. of Army*, 436 F.3d 692, 695 (6th Cir. 2006) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 495 U.S. 574, 587 (1986)).

### B.

#### 1.

Wal-Mart first argues that it is entitled to summary judgment because the Plaintiffs' claims are barred by Kentucky's statute of frauds. Pursuant to this statute,

> [n]o action shall be brought to charge any person:
> . . .
> (6) Upon any contract for the sale of real estate, or any lease thereof for longer than one year;
> . . .

unless the promise, contract, agreement, representation, assurance, or ratification, or some memorandum note thereof, be in writing and *signed by the party to be charged therewith*, or by his authorized agent.

KRS 371.010(6) (emphasis added). Wal-Mart notes that it did not sign the Option Agreement, the First Amendment to Option Agreement, or the letter exercising the option. Rather, those documents were signed by Cullom Properties, Inc. [*See* R. 21, Attach. 1 at 4; R. 21, Attach. 2 at 6; R. 21, Attach. 3.] Thus, Wal-Mart argues that the Plaintiffs cannot maintain an action against it.

In response, the Plaintiffs argue that Cullom Properties acted as Wal-Mart's authorized agent in signing the option agreements and exercising the option. In other words, the Plaintiffs emphasize the language in Kentucky's statute of frauds stating that a contract for the sale of real estate must be in writing and signed by the party to be charged *or by his agent*. KRS 371.010(6). Under Kentucky law, "the burden of establishing agency is on the party alleging it." *Crump v. Sabath*, 88 S.W.2d 665, 666 (Ky. 1935). Generally, "[a]ny evidence, direct or indirect, having a tendency to establish an agency is competent." *Id.* at 667. Agency is "a question of fact to be determined by a jury from a consideration of all the evidence, facts, circumstances, acts, and conduct of the parties." *Id.*; *see also Concrete Materials Corp. v. Bank of Danville and Trust Co.*, 938 S.W.2d 254, 260 (Ky. 1997); *Wedding v. Duncan*, 220 S.W.2d 564, 568 (Ky. 1949).

Here, the Court finds that there is a genuine issue of material fact regarding whether Cullom Properties acted as Wal-Mart's agent in signing the option agreement, the amendment to the option agreement, and the letter exercising the option. The Plaintiffs have filed in the record a letter written by Miles E. Cullom, Jr., President of Cullom Properties, advising Wal-Mart that Campbell was offering to sell property in Manchester, Kentucky. [R. 25, Attach. 2.] Although

Wal-Mart contends that Cullom approached Wal-Mart on behalf of himself and Campbell, the content of the letter does not make that clear. Viewed in the light most favorable to the Plaintiffs, this letter could suggest an agency relationship between Cullom Properties and Wal-Mart.

Further, Exhibit C to the First Amendment to Option Agreement, which relates to blasting requirements, specifically references Wal-Mart in the section dealing with insurance coverage. [R. 21, Attach. 2 at 10-13.] And there is evidence in the record that Wal-Mart applied for and received an encroachment permit from the Kentucky Transportation Cabinet for the property [R. 25, Attach. 8], and that Wal-Mart was seeking a traffic signal from the state [R. 25, Attach. 10] and a parking variance from the city of Manchester [R. 25, Attach. 4.] In short, there is sufficient circumstantial evidence of an agency relationship between Cullom Properties and Wal-Mart such that the Court cannot find in favor of Wal-Mart as a matter of law on this issue.

**2.**

Although a genuine issue of material fact exists regarding whether Cullom Properties, Inc., acted as Wal-Mart's agent in its agreements with Campbell, the Plaintiffs still cannot prevail on their claims.

The Plaintiffs contend that Wal-Mart breached its contract with Campbell and that the remedy for that breach is specific performance. In other words, the Plaintiffs argue that the Court should order Wal-Mart to purchase the subject property. As pointed out by Wal-Mart, however, the Option Agreement contains a liquidated damages provision. Specifically, section 12 of the Option Agreement provides that in the event of a default by the Buyer, the

> Seller as its sole remedy, may retain the Deposits paid by Buyer as full liquidated

5

> damages and both Buyer and Seller will be relieved of all other rights and
> obligations under this Agreement, it being agreed by the parties that such damages
> would be difficult to ascertain and calculate and that such deposits shall constitute
> reasonable liquidated damages under the circumstances.

[R. 21, Attach. 1 at 3-4.] This provision was not altered by the First Amendment to Option Agreement. [R. 21, Attach. 2.] Further, liquidated damages are permissible under Kentucky law, *see* KRS 355.2-718(1), and the Plaintiffs have not argued that the liquidated damages provision is void or unenforceable as a penalty. Thus, regardless of whether the contract was breached, the Court cannot grant the Plaintiffs specific performance. Moreover, in response to Wal-Mart's Request for Admissions, the Plaintiffs admitted that "all earnest money or other deposits required by the Option Agreement or the First Amendment to Option Agreement were paid," and they further admitted that any earnest money that was paid has not been returned to Wal-Mart. [R. 21, Attach. 4 at 2.] Accordingly, it appears that the Plaintiffs have received the relief to which they are entitled.[2] In any event, there is no relief the Court can order under the contract.

---

[2] Wal-Mart challenges the Plaintiffs' assertion that the agreement or contract at issue in this action was breached. Section 6.4 of the Option Agreement, which was not amended or invalidated by the First Amendment to Option Agreement, provides that as a condition precedent to the Buyer's purchase of the property, the Seller must be able to convey title to the Buyer in fee simple, free and clear of all liens and encumbrances. [R. 21, Attach. 1 at 1-2.] According to Wal-Mart, its title examination revealed the existence of an oil and gas lease to Kinzer Business Realty, Ltd., dated January 20, 2004, encumbering the property. Wal-Mart states that it was unable to successfully negotiate a release of the oil and gas lease or a sufficient modification of the lease holder's rights to enable the Seller to fulfill its obligation to convey the property with clear title.

The Plaintiffs counter that Wal-Mart's statement that a release of Kinzer's rights could not be obtained is not supported by any discovery or disclosure material. The Plaintiffs point the Court to a prepared, though unsigned, Waiver and Release of Surface Rights that appears to contemplate Kinzer releasing its rights to Wal-Mart as of the date of Wal-Mart's acquisition of title to the property. [R. 25, Attach. 12.] The Plaintiffs argue that the logical conclusion, in the absence of "hard proof" of Kinzer's refusal to release its surface rights, is that the release was not executed because Wal-Mart had decided not to close on the purchase of the property.

It is unclear from the record when Wal-Mart learned of Kinzer's oil and gas lease. If

As an alternative to specific performance, the Plaintiffs seek compensation for the blasting work and improvements they allege were made to the property in reliance on Wal-Mart's representations, including compensation for the increased property taxes they have incurred based on these improvements. They also seek compensation for goods furnished and services rendered to Wal-Mart. As stated previously, the Complaint alleges that Wal-Mart agreed to purchase the property for $5.5 million with the understanding that the property owner would perform the excavation and grade work and soil compaction in accordance with Wal-Mart's plans and specifications. [R. 1, Attach. 1 at ¶ 5.]

The Option Agreement, however, sets out a purchase price of $3.5 million. [R. 21, Attach. 1 at 1.] The Plaintiffs have admitted that there was no written agreement amending the purchase price. [R. 21, Attach. 4 at 2.] Further, the provisions in the First Amendment to Option Agreement dealing with blasting, or excavation work, unambiguously refer to blasting to be performed by the Seller on land adjacent to the section of property being sold. *See Abney v. Nationwide Mutual Insurance Company*, 215 S.W.3d 699, 703 (Ky. 2006); *Lincoln Electric Company v. St. Paul Fire and Marine Insurance Company*, 210 F.3d 672, 683 (6th Cir. 2000). Specifically, paragraph ten of the option agreement amendment reads in relevant part as follows:

> With respect to any and all blasting that may be performed by Seller or through Seller's contractor's agents, employees or affiliates, or any other party acting at Seller's direction or under Seller's control, whether direct or indirect, on the Seller's *Retained Parcel* as shown on Exhibit A hereto, or on any other property

---

Wal-Mart knew about the lease before the option to purchase the property was executed, it is possible that Wal-Mart waived the condition precedent relating to title. The Court, however, does not need to determine whether there was a breach of the contract. As noted above, regardless, the Plaintiffs' remedy is retention of the deposits made in accordance with the option agreements. Since the Plaintiffs have retained those sums, or at least not paid them to Wal-Mart, there is no relief the Court can order under the contract.

> now or hereafter owned or controlled by Seller *adjacent to* the Property, the Seller covenants and agrees to comply and/or require Seller's contractors, agents, employees or affiliates, or any other party acting at Seller's direction or under Seller's control, whether direct or indirect, to comply with the Blasting Criteria and Requirements set forth on <u>Exhibit C</u> attached hereto and made a part hereof by this reference.

[R. 21, Attach. 2 at 4 (emphasis added).] Thus, nowhere in the written contract is there an agreement to pay more than $3.5 million for the property in exchange for the seller performing excavation and other preparatory work for Wal-Mart.

To the extent the Plaintiffs allege that Wal-Mart and Campbell orally agreed to amend the purchase price set forth in the option agreement in exchange for the seller's performance of blasting and other work, any such oral agreement is unenforceable. As noted by a sister court in this District, "[u]nder Kentucky law, oral agreements or representations cannot be proved or relied upon if they contradict a positive provision of the written contract." *Fifth Third Bank v. Waxman*, 726 F. Supp. 2d 742, 751 (E.D. Ky. 2010 (citing *Mario's Pizzeria, Inc. v. Fed. Sign & Signal Corp.*, 379 S.W.2d 736, 739 (Ky. 1964)). Additionally, Kentucky's highest court has "recognized that subsequent agreements that materially alter the terms of agreements within the statute of frauds must also meet the statute of frauds' writing requirement." *Id.* at 752 (citing *Farmers Bank & Trust Co. of Georgetown, Ky. v. Willmott Hardwoods, Inc.*, 171 S.W.3d 4, 8 (Ky. 2005)). Here, the oral agreement alleged by the Plaintiffs would contradict a positive provision of the written contract, the agreed upon purchase price, and would appear to materially alter the terms of the agreement.

Further, the Plaintiffs cannot recover for work done and services rendered on the property under a theory of *quantum meruit*, or quasi-contract. In order to recover in *quantum meruit*, a

plaintiff must show that it has conferred a benefit on the defendant. *See Cherry v. Augustus*, 245 S.W.3d 766, 779 (Ky. App. 2008); *Guarantee Electric Co. v. Rivers Electric Corp.*, 669 F. Supp. 1371, 1380-81 (W.D. Ky. 1987). Here, however, the benefit of any improvements made upon the land has inured to the Plaintiffs, or the landowners, not to Wal-Mart.

### III.

In sum, the Plaintiffs cannot prevail on their claims. Accordingly, and for the reasons stated above, it is hereby **ORDERED** as follows:

1. The Defendant's Motion for Summary Judgment [R. 21] is **GRANTED**;

2. This is a final and appealable Order; and

3. Judgment is entered contemporaneously herewith.

This the 23rd day of June, 2011.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge